## Vaughn, et al. v. Wells.

(Decided May 10, 1918.)

### Appeal from Laurel Circuit Court.

1. Vendor and Purchaser—Fraud—Rescission.—An innocent misrepresentation by the vendor as to the state of his title is not fraud warranting a rescission where all material defects in the title were cured at the time of the trial.

2. Vendor and Purchaser—Executed Contract—Duty of Vendor to Exhibit Title.—The rule that a vendor must exhibit a good legal title applies only to a case where the vendor seeks specific performance of an executory contract with covenants of warranty, and does not apply where the vendor sues to recover the purchase money under an executed contract with covenants of warranty and the vendee whose possession has not been disturbed asks a rescission on the ground of defective title and the non-residency of the vendor.

3. Vendor and Purchaser—Rescission—Breach of Covenant.—Where the vendee is in undisturbed possession of the property under an executed conveyance with covenants of warranty, a bill for the dissolution of the contract can not be sustained and the payment of the consideration enjoined, except in case of fraud, insolvency or non-residency of the vendor, and a palpable and threatening danger of immediate or ultimate loss without legal remedy, by reason of the defects in the title conveyed, and the inability of the vendee to protect himself against eviction under it; and to sustain such a bill the onus lies on the vendee to establish to the satisfaction of the chancellor that the defect of title and imminent danger of eviction and loss exist.

4.  Vendor and Purchaser—Rescission—Non-Residency of Vendor— warranty, a rescission will not be decreed on account of the non- of the property under an executed conveyance with covenants of warranty, a recission will not be decreed on account of the non- residency of the vendor and defective title, where all material defects are cured during the progress of the action, and there are outstanding no superior rights such as to justify a well grounded apprehension of immediate or ultimate eviction or loss of the land.

5.  Bankruptcy—Purchaser at Bankruptcy Sale—Title.—Where the bankrupt had parted with its title to property prior to the institu- tion of the bankruptcy proceeding, a purchaser from the trustee acquired no title.

H. C. CLAY for appellants.

HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM- MISSIONER—Affirming.

On March 31, 1914, W. W. Wells sold and conveyed to J. C. Vaughn and Martha Vaughn, his wife, a tract of land in Laurel county consisting of forty acres more or less. Of the consideration of $1,000.00 J. C. Vaughn paid $100.00 in cash and drew his check on the First Na- tional Bank of London for $900.00. In due time this check was deposited for collection in the First National Bank of East Bernstadt and presented for payment at the First National Bank of London. Before the arrival of the check, however, the latter bank ceased to do busi- ness and was placed in the hands of a receiver. There- upon Wells brought this suit to recover the balance of the purchase price and enforce his lien on the property. In one paragraph of their answer, defendants pleaded that plaintiff accepted the check in full payment and sat- isfaction of the balance of the purchase price. In an- other paragraph they asked a rescission of the convey- ance on the ground of defective title, and the fraud and non-residency of the plaintiff. From a judgment in favor of plaintiff, the defendants appeal.

We deem it unnecessary to set out the evidence bear- ing on the claim that plaintiff accepted defendants' check in full payment for the land. It is sufficient to say that plaintiff denies that any such agreement was made, and defendant's own evidence is not sufficient to support his contention.

It does not appear that plaintiff made any misrepre- sentation of fact as to his title. He merely stated that

his title was good, and even if this statement was not correct when made, it was at most a mere innocent misrepresentation as to the state of the title, and was not such fraud as will warrant a rescission in view of the fact that all material defects in the title were cured at the time of the trial. Buford's Adm'r v. Guthrie, etc., 14 Bush 690.

In the matter of plaintiff's title, counsel for defendants seems to have proceeded upon the theory that it was necessary for plaintiff to exhibit a perfect title from the Commonwealth. That rule, however, does not apply where the vendor sues for the purchase money due under an executed contract with covenants of warranty, and the vendee whose possession had not been disturbed asks a rescission on the ground of defective title and the non-residency of the vendor. It is only where the vendor seeks specific performance of an executory contract with covenants of warranty that he is required to exhibit a good legal title. Bayne v. Cabell, 7 T. B. Mon. 198. Here the defendants are in the undisturbed possession of the property under an executed conveyance with covenants of warranty; and, in such a case a bill for the dissolution of the contract can not be sustained, and the payment of the consideration enjoined, except in the case of fraud, insolvency, or non-residency of the vendor, and a palpable and threatening danger of immediate or ultimate loss without legal remedy, by reason of the defects in the title conveyed, and the inability of the vendee to protect himself against eviction under it. And to sustain such a bill after the vendee has accepted the conveyance, the onus lies on him to establish to the satisfaction of the chancellor that the defect of title and imminent danger of eviction and loss exist. Vance v. Houses' Heirs, 5 B. Mon. 537. Without discussing at length the technical defects of title relied on by defendants, it is sufficient to say that all material defects were cured during the progress of the action, and that there are now outstanding no superior rights such as to justify a well grounded apprehension of immediate or ultimate eviction or loss of the land. We therefore conclude that the chancellor did not err in refusing to adjudge a rescission of the contract.

During the progress of the action, Florence Grant intervened and asserted title to a small portion of the land under a deed made to her by the trustee in bank-

ruptcy in the New Diamond Coal Company. The chancellor adjudged that she acquired no title and she appeals. In our opinion that company had parted with its title prior to the institution of the bankruptcy proceeding, and therefore no title passed to the trustee. That being true, it follows that Florence Grant took nothing under the deed from the trustee, and that the chancellor did not err in so holding.

Judgment affirmed.